ALAQUA, APPELLANT, *v.* MAYFIELD, ADMR., ET AL., APPELLEES.

(No. 52824 — Decided
April 20, 1987.)

*Perchick, Lallo & Feldman* and *Nancy L. Gervinski,* for appellant Vincent Alaqua.

*Anthony J. Celebrezze, Jr.,* attorney general, *Michael P. O'Grady* and *Patrick Lewis,* for appellees James L. Mayfield, Administrator, and Industrial Commission of Ohio.

*Robert E. Goff,* for appellee LTV Steel Co.

*Per Curiam.* On its own motion, the trial court dismissed the employee's worker's compensation appeal, because the employer filed for bankruptcy, with this entry:

"Bankruptcy. Dismissal subject to reinstatement. Statute of Limitations Waived."

We sustain both of the employee's assigned errors, reverse the trial court's judgment, and remand the case for further proceedings. The trial court's dismissal of the case did not accomplish the stay usually mandated during a party's pending bankruptcy. See Section 362(a)(1), Title 11, U.S. Code; *Window Systems, Inc.* v. *Gilmore* (Nov. 15, 1984), Cuyahoga App. No. 48139, unreported; *Donovan* v. *Sunmark Industries, Inc.* (Aug 4, 1983), Cuyahoga App. No. 45700, unreported. Additionally, the court lacked power to grant the purported waiver of the jurisdictional appeal time prescribed by R.C. 4123.519 for filing a compensation appeal.

Further, a bankruptcy proceeding does not invoke an automatic stay for pending Ohio workers' compensation claims. Section 362(b)(4), Title 11, U.S. Code; *In re Mansfield Tire & Rubber Co.* (C.A. 6, 1981), 660 F. 2d 1108, 1114. The trial court should proceed with its consideration of the employee's claim.

*Judgment reversed
and cause remanded.*

MARKUS, C.J., NAHRA and PRYATEL, JJ., concur.